Green, J.
delivered the opinion of the court.
This is an action of slander for defamatory words spoken of the plaintiff by the defendant. The words charged to have been spof-ken are, “you, (meaning the plaintiff) have sworn alie knowingly."
It appeared from the evidence, that the plaintiff had sued the defendant before a justice of the peace, and that on the trial he was sworn as a witness, and proved his own account, but he did not state that he had no other means of proving his account except by his own oath; nor was any objection made to his taking the oath, except that defendant told him he would swear a lie, if he swore to that account.
The court read to the jury the book debt law and told the jury, “that it was only by virtue of that act, that a person was authorised to prove his own account, either for work and labor done, or for goods, wares and merchandize sold and delivered; and that if the oath was not administered in the words of the act of assembly, it was an extra-judicial oath, for which a person could not be convicted of perjury, if the oath was false; that if the justice did not swear the person that he had no means of proving his account but by his own oath, but only swore him that his account as stated was *437 just and true, and that he had given all just credits, that would not be such an oath, for which, if false, he could be convicted of perjury, and that if he could not be convicted of perjury, an - action of slander could not be maintained for saying he had sworn a lie in taking said oath.”
1. We think the court erred in the charge to the jury. Although the witness was not competent tojprovehis own occount, if he could prove it by another witnessj yet, as the defendant waived thequestion of competency, the evidence of the plaintiff as to the j ustice of the account was as material as it would have been, had no objection to his competency existed.
This court decided, in the case of Ewell vs. The State, 6 Yerg. 364 that the reception of incompetent evidence without objection, was no cause fora new' trial. It would certainly be inconsistent to hold, that a verdict produced by such evidence should stand, and yet, that if falsely given, the witness could not be convicted of perjury. A party has a right to waive all objection to the competency of a witness, who may be produced against him, and having done so, the evidence is as competent, and material as though no such objection had existed. This, however, does not 'dispense with the duty of the justice, or judge, to disregard in the one case, or reject from the jury in the other, incompetent evidence which may have been heard, unless the objection to its reception be expressly waived.
But the charge of the court, that “unless the oath were administered in the words of the act of assembly, it was extra-judicial,” was erroneous, independently of the principle above stated. The adoption of such a principle would be ruinous to society. Perjury and slander would often find, in slight verbal variances from the prescribed forms of oaths, the means of escape from the condign punishment, which justice invokes. Unquestionably,^ oath administered, substantially, according to the prescribed form, will be valid, and if taken falsely, the party will be guilty of perjury.
2. But it is insisted by the defendant’s counsel, that the plaintiff’s-declaration is bad, and that his demurrer to the defendant’s plea reaches that defect. We think there is no defect in this declaration. The colloquium states that the discourse of the defendant was had concerning a trial between the plaintiff and defendant before M. Douglass, a justice of the peace, and concerning an oath the plaintiff took on said trial, before said justice of the peace, in proving an *438 account, as he lawfully might do. Now this statement sufficiently shows the existence of a suit before a competent judicial tribunal, and that the oath taken was as to a material matter in issue. Let the judgment be reversed and a new trial awarded.